**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY<br>as subrogee of<br>MICHAEL AND CLAUDINE BUTLER<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC.<br><br>Defendant, | :<br>:<br>:<br>:<br>:<br>:  Civil Action No. 15-cv-1456<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiff, Allstate Insurance Company, as subrogee of Michael and Claudine Butler, by and through its undersigned counsel, White and Williams LLP, as and for its Complaint against Defendant, Electrolux Home Products, Inc., alleges:

## PARTIES

1. Plaintiff, Allstate Insurance Company as subrogee of Michael and Claudine Butler (hereinafter "Allstate"), is a corporation duly organized and existing under the laws of the State of Illinois with a principal place of business located at 3075 Sanders Road, Suite H1A, Northbrook, Illinois, 60062. At all times relevant hereto, Allstate was in the business of issuing policies of homeowners insurance and was authorized to issue said policies in the State of New York.

2. Upon information and belief, Defendant Electrolux Home Products, Inc. (hereinafter "Electrolux") is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business located at 10200 David Taylor Drive, Charlotte, North Carolina 28262. At all times relevant hereto, Electrolux was engaged in the business of designing, manufacturing, assembling, inspecting, testing, distributing, and/or or placing into the

stream of commerce home appliances including, but not limited to, "Frigidaire" brand clothes dryers.

## JURISDICTION AND VENUE

3. At all times relevant hereto, Defendant Electrolux conducted business in the State of New York, transacted business in the State of New York, and otherwise did or performed acts within or without the State which subjected it to the jurisdiction of this Court.

4. The matter in controversy is between diverse parties and exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars and zero cents ($75,000.00) in value and, therefore, this Court has jurisdiction over this matter pursuant to 28 U.S.C §§ 1332 *et seq*.

5. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper within the United States District for the Eastern District of New York because that is the judicial district within which the events giving rise to the Plaintiff's claims occurred.

## FACTS

6. At all times relevant hereto, Allstate provided homeowners insurance coverage to Michael and Claudine Butler (hereinafter the "Butlers" or "Plaintiff's Insureds") covering their real and personal property located at 8 Sheila Drive, Hauppauge, New York, 11788 (hereinafter the "Subject Premises").

7. Prior to January 4, 2007, Defendant Electrolux designed, manufactured, assembled, inspected, tested, distributed and/or placed into the stream of commerce gas clothes dryers.

8. On or about January 04, 2007, the Butlers purchased a "Frigidaire" brand gas clothes dryer, model number AGQ7000ES, which was designed, manufactured, assembled, inspected, tested, distributed, and/or placed into the stream of commerce by Defendant Electrolux (hereinafter the "Subject Dryer").

9. On or about September 30, 2013, a fire occurred at the Subject Premises causing significant damage to the Subject Premises and the contents therein.

10. Subsequent investigation revealed that the cause of the was the Subject Dryer, and the fire started within the Subject Dryer.

11. As a result of the above-referenced damage sustained, the Butlers filed an insurance claim with Plaintiff.

12. Pursuant to the above-referenced claim and the terms of the above-referenced policy, Plaintiff made payments of $421,640.97, to indemnify the Butlers, and the Butlers incurred a deductible of $500.

13. Pursuant to the terms of the above-referenced policy and by operation of law, Plaintiff is subrogated to the rights of the Butlers to the extent of its payments, and now seeks recovery from Defendant Electrolux.

## COUNT ONE – STRICT LIABILITY

14. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth herein at length.

15. Prior to January 4, 2007, the Subject Dryer was designed, manufactured, assembled, inspected, tested, distributed and/or placed into the stream of commerce by Defendant Electrolux, to be offered for sale to the general public and consumers, including the Butlers.

16. The Subject Dryer was purchased and used by the Butlers without any material alteration to the condition it was designed, manufactured, assembled, inspected, tested, distributed and/or placed into the stream of commerce by Defendant Electrolux.

17. At the time the Subject Dryer left the possession and control of Defendant Electrolux, it was unreasonably dangerous, unsafe and defective in light of its foreseeable and/or intended use in that:

    (a)     It was designed, manufactured and/or assembled in a manner which presented a fire hazard;

    (b)     It was designed, manufactured and/or assembled in a manner which allowed for the accumulation of lint at or near a heat source, presenting a fire hazard;

    (c)     It was designed, manufactured and/or assembled in a manner which permitted lint, after it became ignited, to then come into contact with combustible materials within the dryer;

    (d)     It was designed, manufactured and/or assembled with improper combustible materials;

    (e)     It was designed, manufactured and/or assembled for consumer use with materials insufficient for such use;

    (f)     It lacked sufficient safeguards and/or safety features to prevent the dryer from igniting a fire;

    (g)     It lacked sufficient safeguards and/or safety features to prevent lint accumulation at or near a heat source;

    (h)     It lacked sufficient safeguards and/or safety features to prevent lint, after it became ignited, from coming in contact with combustible materials within the dryer;

    (i)     Defendant Electrolux failed to properly inspect and test the Subject Dryer for the potential to cause a fire, before introducing the dryer into the stream of commerce;

    (j)     Defendant Electrolux failed to adequately warn regarding the potential for lint accumulation at or near a heat source;

    (k)     Defendant Electrolux failed to adequately warn regarding the potential for lint accumulation within the Subject Dryer to ignite a fire;

    (l)     Defendant Electrolux failed to adequately warn regarding the removal of lint within the Subject Dryer, so as to prevent a fire;

(m) Defendant Electrolux failed to adequately warn the Butlers of a known fire hazard with the Subject Dryer, and/or a fire hazard which a reasonably prudent manufacturer should have known about;

(n) Defendant Electrolux failed to utilize state-of-the-art technology when designing the Subject Dryer, when the use of such technology would have eliminated the aforementioned defective and dangerous conditions;

(o) Defendant Electrolux otherwise failed to design, manufacture, assemble, inspect, test, distribute and/or place into the stream of commerce the Subject Dryer and component parts in such a way as to provide the intended user with a non-dangerous and non-defective product.

18. As a direct and proximate result of the above referenced unreasonably dangerous, unsafe, and defective condition of the Subject Dryer, the Butlers sustained substantial and/or permanent damage to their real and personal property, Plaintiff made payments of $421,640.97, to indemnify the Butlers, and the Butlers incurred a deductible of $500.

WHEREFORE, Plaintiff demands judgment against Defendant Electrolux for damages, together with interest, attorneys' fees, costs of suit, and such other relief the Court deems appropriate.

**COUNT TWO – NEGLIGENCE**
**PLAINTIFF v. ELECTROLUX HOME PRODUCTS, INC.**

19. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth herein at length.

20. Defendant Electrolux owed a duty to Plaintiff's Insureds to exercise due and reasonable care in its design, manufacture, assembly, inspection, testing, distribution and/or placement into the stream of commerce of the Subject Dryer, to ensure that the Subject Dryer did not expose The Butlers or their property to unreasonable risks of harm.

21. Defendant Electrolux knew, or should have known, that its failure to exercise due and reasonable care would result in exposing consumers of the Subject Dryer to an unreasonable risk of harm and/or property damage.

22. The design, manufacture, assembly, inspection, testing, distribution and/or placement into the stream of commerce of the Subject Dryer by Defendant Electrolux in its defective and unreasonably dangerous condition constituted a breach of Defendant Electrolux' duty of care.

23. Specifically, Defendant Electrolux breached its duty of care in that it:

   (a) Carelessly and negligently failed to design, manufacture and/or assemble the Subject Dryer so as to prevent it from igniting a fire;

   (b) Carelessly and negligently designed, manufactured and/or assembled the Subject Dryer to allow lint at or near a heat source, presenting a fire hazard;

   (c) Carelessly and negligently designed, manufactured and/or assembled the Subject Dryer to permit lint, after it became ignited, to then come into contact with combustible materials within the dryer;

   (d) Carelessly and negligently designed, manufactured and/or assembled the Subject Dryer with improper combustible materials;

   (e) Carelessly and negligently designed, manufactured and/or assembled the Subject Dryer for consumer use with materials insufficient for such use;

   (f) Carelessly and negligently designed, manufactured and/or assembled the Subject Dryer without sufficient safeguards and/or safety features to prevent the dryer from igniting a fire;

   (g) Carelessly and negligently designed, manufactured and/or assembled the Subject Dryer without sufficient safeguards and/or safety features to prevent lint accumulation at or near a heat source;

   (h) Carelessly and negligently designed, manufactured and/or assembled the Subject Dryer without sufficient safeguards and/or safety features to prevent lint, after it became ignited, from coming in contact with combustible materials within the dryer;

   (i) Failing to properly inspect and test the Subject Dryer for the potential to cause a fire, before introducing the dryer into the stream of commerce;

   (j) Failing to adequately warn regarding the potential for lint accumulation at or near a heat source;

   (k) Failing to adequately warn regarding the potential for lint accumulation within the Subject Dryer to ignite a fire;

  (l) Failing to adequately warn regarding the removal of lint within the Subject Dryer, so as to prevent a fire;

  (m) Failing to adequately warn the Butlers of a known fire hazard with the Subject Dryer, and/or a fire hazard which a reasonably prudent manufacturer should have known about;

  (n) Failing to utilize state-of-the-art technology when designing the Subject Dryer, when the use of such technology would have eliminated the aforementioned defective and dangerous conditions;

  (o) Otherwise failing to design, manufacture, assemble, inspect, test, distribute and/or place into the stream of commerce the Subject Dryer and component parts in such a way as to provide the intended user with a non-dangerous and non-defective product.

24. As a direct and proximate result of the above referenced negligent, and/or careless acts and/or omissions of Defendant Electrolux, the Butlers sustained substantial and/or permanent damage to their real and personal property, Plaintiff made payments of $421,640.97, to indemnify the Butlers, and the Butlers incurred a deductible of $500.

WHEREFORE, Plaintiff demands judgment against Defendant Electrolux for damages, together with interest, attorneys' fees, costs of suit, and such other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff requests a jury on all issues presented by this matter.

Date: March 19, 2015

          Respectfully submitted,
         By: <u>s/ Rafael Vergara</u>
          Rafael Vergara, Esq.
          White and Williams LLP
          One Penn Plaza
          250 W. 34th Street, Suite 4110
          New York, NY 10119
          Phone: 212-244-9500
          E-mail: vergarar@whiteandwilliams.com
          *Attorneys for Plaintiff, Allstate Insurance Company a/s/o Michael and Claudine Butler*